## NEWMAN *v.* SASSE.

[No. 11,616.   Filed June 5, 1923.]

1.   APPEAL.—*Review.—Harmless    Error.—Complaint.—Overruling · Motion to Make More Specific.*—To constitute reversible error, the overruling of a motion to make a complaint more specific must be shown to have harmed appellant.   p. 52.

2.   MUNICIPAL CORPORATIONS.—*Use of Streets.—Automobile Acci- · dent.—Negligence.— Complaint.— Sufficiency.— Overruling Demurrer.*—In an action for injuries caused by a collision of automobiles at a street intersection, where the complaint alleges that all of said injuries were caused solely by the negligence, carelessness and reckless driving of defendant's car into the car of Z., forcing it against plaintiff, without fault of plaintiff or Z., *held* good against a demurrer on the theory that defendant had the right of way and Z. was negligent in getting in his way.   p. 52.

From Vanderburgh Superior Court; *Edgar Durre,* Judge.

Action by Henry C. Sasse against Russell Newman. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edmund L. Craig,* for appellant.

*E. J. Crenshaw,* for appellee.

ENLOE, P. J.—This was an action by the appellee for damages for personal injuries, sustained by the appellee, by being struck by an automobile, by reason of the alleged negligence of the appellant.

It appears from this record, that Columbia street runs east and west, and is intersected and crossed by another street running north and south, which latter street runs along the west side of Oak Hill cemetery, in the city of Evansville.   The appellant was driving his automobile west on said Columbia street, and one Harold Zimmer was driving his car north on the above mentioned north and south street; the said collision occurred at the intersection of the two streets.

The complaint was in two paragraphs.   The negli-

gence charged was the driving by appellant of his car at a high and dangerous rate of speed. In the first paragraph it is charged that the impact of appellant's car against the car of said Zimmer bent the steering gear of said Zimmer's car, and forced said car off the traveled roadway, and against the appellee, who was at the time walking west on the south side of said Columbia street, thereby injuring him. In the second paragraph it is charged that the impact of appellant's car against the car of said Zimmer, bent the steering gear of said Zimmer's car, forcing the steering wheel out of Zimmer's hands, causing him to lose control of his car, and the same to strike and injure the appellee.

This complaint was answered by a general denial, and the issues thus formed were submitted to the court for trial, resulting in a finding and judgment for the appellee, from which, after his motion for a new trial had been overruled, this appeal is prosecuted.

The appellant first assigns as error, the action of the court in overruling his motion to make the complaint more specific in certain designated particulars, 1. but, as he has not even suggested in his brief, any way in which he was harmed by said ruling, this matter presents no reversible error.

He next assigns as error the action of the court in overruling his demurrer to the complaint. He insists that, under the law he had the right of way at 2. said street crossing and that said Zimmer was negligent in getting in his way, and that he, Zimmer, was therefore, the party whose negligence caused the injury of which appellee complained. The complaint avers—"that all of said injuries were caused solely by the negligence, carelessness, and reckless driving of said car by said defendant into and against the car of said Harold Zimmer, in forcing the same into and against this plaintiff, and without any fault or negli-

gence on the part of this plaintiff or the said Harold Zimmer." The complaint was good as against said demurrer and the court did not err in overruling the same.

As the sufficiency of said complaint is the only matter presented by the appellant in his brief, under "propositions" or "points," all other alleged errors are waived.

The judgment is affirmed.